UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES PARKS, ) | CASE NO. 4:07CV03592 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER AND DECISION** |
| DAVID BOBBY, Warden,[1] ) | |
| ) | [Resolving Docs. 26, 30] |
| Respondent. ) | |
| ) | |

This matter appears before the Court on Petitioner James Parks' objections to the Magistrate Judge's Report and Recommendation filed on October 1, 2008, Doc. 26, as well as his motion to amend his habeas petition filed on March 16, 2011, Doc. 30. For reasons stated herein, the Court OVERRULES Petitioner Parks' objections, ADOPTS the Magistrate Judge's Report and Recommendation, Doc. 24, and DISMISSES Petitioner Parks' petition for a writ of habeas corpus. Doc. 1. Furthermore, the Court DENIES Petitioner Parks' motion to amend his habeas petition. Doc. 30.

**I.     BACKGROUND**

On March 4, 2004, the Columbiana County Common Pleas Court sentenced Petitioner Parks to life in prison, following his conviction for engaging in sexual conduct with a victim under the age of 13 in his pickup truck. Doc. 24 at 1. On November 9, 2007, Petitioner Parks filed[2] a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner Parks' habeas petition contains three grounds for relief. Petitioner Parks' first ground for relief

---

[1] Bennie Kelly is the current warden at Trumbull Correctional Institution where Petitioner Parks is currently being housed.

[2] Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts. *Houston v. Lack,* 487 U.S. 266, 273 (1988).

contains five subclaims of ineffective assistance of trial counsel, as detailed in the Report. Doc. 24 at 9. As his second ground, Petitioner Parks claims that the trial court deprived him of his Sixth Amendment and Fourteenth Amendment rights when it admitted hearsay statements in violation of the Confrontation Clause. Doc. 24 at 5. Lastly, as his third ground, Petitioner Parks brings three subclaims of ineffective assistance of appellate counsel. *See* Doc. 24 at 18. Petitioner Parks exhausted all three grounds for relief, as required by 28 U.S.C. § 2254(b)(1), via his direct appeal to the Ohio Supreme Court and an application to reopen his direct appeal. Doc. 24 at 3-4.

The matter was referred to Magistrate Judge White for a Report and Recommendation ("Report"). Petitioner Parks filed a motion to stay his petition on March 3, 2008, premised on pursuing and exhausting claims in a delayed petition for post-conviction relief, which he subsequently filed in the trial court on April 1, 2008. Doc. 24 at 7. On April 17, 2008, Respondent David Bobby filed a return of writ. Doc. 14. On May 19, 2008, Petitioner Parks filed a traverse to return of writ. Doc. 17. Thereafter, on May 23, 2008, the Columbiana County Common Pleas Court dismissed Petitioner Parks' delayed petition for post-conviction relief as untimely filed, and Petitioner Parks failed to seek further timely review of this decision. Doc. 31 at 2; Doc 31-1 at 1-2.

Magistrate Judge White issued the Report on October 1, 2008, in which he denied Petitioner Parks' motion for stay and abeyance based on a determination that there are no claims pending before this Court in need of exhaustion. Doc. 24 at 8. In the Report, the Magistrate Judge also denied Petitioner Parks' renewed request for grand jury transcripts for failure to show relevance or a particularized need for them. Doc. 24 at 25. In addition, the Report recommends that the Court dismiss Petitioner Parks' petition as without merit. Doc. 24 at 25. On October 21,

2008, Petitioner Parks filed objections to the Report, in which he objects to the denial of his motion for stay and abeyance and his renewed request for grand jury transcripts, as well as the dismissal of his petition as without merit. Doc. 26.

Over two and a half years later, on March 3, 2011, the matter was reassigned to Judge Adams. On March 16, 2011, Petitioner Parks filed a motion to amend his habeas petition with certain claims from his delayed petition for post-conviction relief, asserting that these claims are now exhausted. Doc. 30. Respondent Bobby filed an opposition to this motion on March 25, 2011, arguing that these claims are both time-barred under 28 U.S.C. § 2244(d), and procedurally defaulted. Doc. 31. Accordingly, the Magistrate Judge's Report and Recommendation, Petitioner Parks' objections, and his motion to supplement his habeas petition are ripe for decision.

## II. STANDARD OF REVIEW

### A. Objections to a Magistrate Judge's Report and Recommendation

If a party files written objections to a Magistrate Judge's Report and Recommendation, then the Court must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

### B. Petition for a Writ of Habeas Corpus

The Court utilizes the same standard of review detailed in the Report to examine the merits of Petitioner Parks' objections. As noted in the Report, district courts apply a deferential standard of review when deciding whether to grant a writ of habeas corpus. *See* Doc. 24 at 8. After the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas

corpus may only be issued if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the law. 28 U.S.C. § 2254(d)(1). Law is "clearly established" only by Supreme Court holdings, not including dicta, that existed at the time of Mr. Park's conviction. *Carey v. Musladin*, 549 U.S. 70, 74 (2006). The Report correctly explains in detail what it means for a decision to be contrary to clearly established federal law or an unreasonable application of federal law. *See* Doc. 24 at 8-9.

### III. LAW AND ANALYSIS

#### A. Petitioner's First and Second Objections: the Magistrate Judge Incorrectly Denied His Motion for Stay and Abeyance based on an Erroneous Conclusion that there are No Claims Pending Before the Court in Need of Exhaustion.

As his first two objections, Petitioner Parks objects to the Magistrate Judge's denial of his motion for stay and abeyance in the Report. *See* Doc. 26 at 4-5. On March 3, 2008, Petitioner Parks filed this motion, premised on pursuing and exhausting the claims in his delayed petition for post-conviction relief. Doc. 24 at 7. The first of these three claims is for ineffective assistance of trial counsel and includes two subclaims: (1) Petitioner Parks' trial counsel failed to conduct an adequate pretrial investigation, and (2) Petitioner Parks' trial counsel did not present evidence of the witness' bias as he had promised to do during his opening statement. Doc. 24 at 6. The second claim is that Petitioner Parks' trial counsel violated Petitioner Parks' Sixth Amendment rights by advising him to agree to classify himself as a sexual predator. Doc. 24 at 6. The third claim concerns alleged violations of numerous ethical and disciplinary rules of conduct by Petitioner Parks' trial counsel. Doc. 24 at 6. As the Report correctly states, Petitioner Parks exhausted the second subclaim regarding his trial counsel's failure to present evidence of the witness' bias via his direct appeal to the Ohio Supreme Court. Doc. 24 at 3, 7-8.

The Court finds no error in the Report's analysis of the second subclaim and its conclusion that it is without merit.

Petitioner Parks failed to include the first subclaim of ineffective assistance of trial counsel and the second and third claims above in his habeas petition, and he did not amend his petition to include them. Doc. 24 at 7. Petitioner Parks exhausted all of the claims his habeas petition actually contains via his direct appeal to the Ohio Supreme Court and his application to reopen his direct appeal. Doc. 24 at 3-4, 6; 28 U.S.C. § 2254(b)(1). As such, the Magistrate Judge correctly denied Petitioner Parks' motion for stay and abeyance because it is only when a prisoner timely files a mixed petition containing both exhausted *and* unexhausted claims that a district court can dismiss the unexhausted claims with instructions to pursue the state remedies in a timely manner and stay the proceedings as to the remaining exhausted claims. *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

The Court notes Petitioner Parks' objection that the Magistrate Judge incorrectly stated that he never sought to amend his habeas petition. Doc. 26 at 4. The Court agrees that the Magistrate Judge's statement is incorrect and that Petitioner Parks in fact made several requests to amend his habeas petition with claims from his delayed petition for post-conviction relief. *See* Doc. 26 at 4-5. As discussed below, however, Petitioner Parks cannot amend his habeas petition with these claims because they are time-barred under 28 U.S.C. § 2244(d), and procedurally defaulted. Based on the above analysis, the Court overrules Petitioner Parks' first and second objections.

### B.  Petitioner's Third Objection: the Report Erroneously Concludes that His Fourth Subclaim of Ineffective Assistance of Trial Counsel is without Merit.

As his third objection, Petitioner Parks argues that the Report erroneously concludes that his fourth subclaim of ineffective assistance of trial counsel is without merit. Doc. 26 at 7. In

his fourth subclaim, Petitioner Parks claims that his trial counsel did not adequately cross-examine Mr. Freeman, the only witness to the alleged incident, regarding his ability to see what occurred in Petitioner Parks' truck.  Doc. 24 at 5.  Petitioner Parks asserts that the Magistrate Judge failed to look at the portion of his traverse where he discusses Mr. Freeman's testimony.  Doc. 26 at 7 (citing Doc. 17 at 20-22).  However, the Magistrate Judge cites to this very portion of Petitioner Parks' traverse in his analysis of his fourth subclaim of ineffective assistance of trial counsel.  *See* Doc. 24 at 13 (citing Doc. 17 at 20).

Nevertheless, the Court has reviewed the Report's analysis of Petitioner Parks' fourth ineffective assistance of trial counsel subclaim, and the Court agrees with the Report that Petitioner Parks is not entitled to habeas relief on this subclaim.  Under the AEDPA, a state appellate court's ruling on an ineffective assistance of counsel claim does not warrant habeas relief unless its application of *Strickland v. Washington*, 466 U.S. 668 (1984) is objectively unreasonable.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  In order for a state appellate court to conclude that Petitioner Parks' trial counsel was ineffective under *Strickland*, a court must find that: (1) the cross-examination of Mr. Freeman by Petitioner Parks' trial counsel was deficient, and (2) that the deficient cross-examination prejudiced Petitioner Parks to the point that his trial was unfair and the result unreasonable.  *Strickland*, 466 U.S. at 687.  The Court concludes that the state appellate court's finding that the cross-examination of Mr. Freeman was adequate is *not* an objectively unreasonable application of *Strickland* because the state appellate court gave two appropriate reasons for its ruling: (1) Petitioner Parks' trial counsel asked Mr. Freeman during his cross-examination about specific things he could and could not see inside Petitioner Parks' truck, and (2) he established that Mr. Freeman could not see inside Petitioner Parks' entire truck.

6

*See State v. Parks*, 7th Dist. No. 04 CO 19, 04 CA 803, 2005-Ohio-6926 at ¶ 37.  Therefore, the Court overrules Petitioner Parks' third objection.

      **C.**      **Petitioner's Fourth and Fifth Objections: the Report Erroneously Concludes that His Five Ineffective Assistance of Trial Counsel Subclaims are Meritless because the Report Fails to Consider the Exhibits He Attached to His Delayed Petition for Post-conviction Relief.**

As his fourth and fifth objections, Petitioner Parks argues that the Report erroneously concludes that his five subclaims of ineffective assistance of trial counsel are meritless because the Report fails to consider the exhibits he attached to his delayed petition for post-conviction relief, which he submitted to the state trial court.  Doc. 26 at 7-8.  These attached exhibits, which Petitioner Parks refers to as "new evidence," largely consist of portions of the trial transcript, documents related to disciplinary actions and complaints against Petitioner Parks' trial counsel, reports and statements from Petitioner Parks' divorce proceedings, and pictures of Petitioner Parks' truck.  *See* Doc. 14-34 at 21-26.  These exhibits are not relevant to the Court's determination of whether the state appellate court's application of *Strickland* in ruling on each of Petitioner Parks' ineffective assistance of trial counsel subclaims is objectively unreasonable. All of Petitioner Parks' ineffective assistance of trial counsel subclaims concern actions his trial counsel took *during* trial.  Doc. 24 at 5.  As such, the material relevant to the Court's review of the state appellate court's rulings for habeas relief is the trial record.  Nevertheless, the Court has reviewed the portions of the trial record related to the state appellate court's rulings, and the Court agrees with the Report that the state appellate court's application of *Strickland* is objectively reasonable.  The Court overrules Petitioner Parks' fourth and fifth objections.

      **D.**      **Petitioner's Sixth Objection: the Report Erroneously Concludes that He Has neither Shown Relevance nor Particularized Need for the Grand Jury Transcripts, and the Magistrate Judge Erred by Failing to Conduct an in Camera Review of the Grand Jury Transcripts.**

7

Petitioner Parks' sixth objection concerns the Magistrate Judge's denial of his renewed request for the grand jury transcripts of the victim and others. Petitioner Parks first argues that the Report erroneously concludes that he has neither shown relevance nor particularized need for the grand jury transcripts. Doc. 24 at 8-9. The Court agrees with the Report that Petitioner Parks has failed to show the particularized need that is required to break the "indispensible secrecy of grand jury proceedings." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681-83 (1956). In his renewed request for grand jury transcripts, Petitioner Parks asserts that the grand jury transcripts "will show favorable evidence," but he fails to attach this assertion to any of the claims in his habeas petition pending before the Court. *See* Doc. 23 at 3. In addition, Petitioner Parks cites to portions of his original request for grand jury transcripts, Doc. 23 at 8, in which he merely states that he "believes that Mr. Freeman, [the victim], and Detective Steven Walker all testified falsely to the grand jury that an actual crime took place," Doc. 9 at 10.

Petitioner Parks also argues that the Magistrate Judge erred by failing to conduct an in camera review of the grand jury transcripts, as Petitioner Parks requested the Court to do as an alternative to disclosing them. Doc. 26 at 9. The Court concludes that an in camera review of the grand jury transcripts is unnecessary because Petitioner Parks has failed to show any relevance to the claims pending before the Court. The Court finds further support for this conclusion in the fact that the trial court reviewed the grand jury testimony of the victim and stated on the record that his testimony was consistent with one or both of his statements. *See* Doc. 24 at 23. For these reasons, the Court overrules Petitioner Parks' sixth objection.

> **E. Petitioner's Seventh Objection: the Report Erroneously Concludes that His Supplemental Argument States a New Ground of Relief that is not Properly Before the Court.**

8

As his seventh objection, Petitioner Parks objects to the Report's conclusion that his supplemental argument states a new ground for relief that is not properly before the Court. On July 11, 2008, the Magistrate Judge ordered Respondent Bobby to file copies of sealed state court exhibits, which included the transcript from the competency hearing of the victim and the victim's two statements. Doc. 18 at 4-5. In this same order, the Magistrate Judge granted the parties two weeks from the filing of these documents to supplement their *previous* arguments regarding the merits of Petitioner Parks' habeas petition. Doc. 18 at 5. On August 5, 2008, Respondent Bobby finished filing these documents. Doc. 22. On August 18, 2008, Petitioner Parks timely filed a supplemental argument, which raises for the first time the issue that his trial counsel failed to exploit at trial inconsistencies between the two statements of the victim and his testimony. Doc. 23 at 4.

In his supplemental argument, Petitioner Parks argues that this issue relates to his fifth subclaim of ineffective assistance of trial counsel. Doc. 24 at 23. The Court agrees with the Report's finding that this issue is unrelated to Petitioner Parks' fifth subclaim, which deals with his trial counsel's failure to present evidence of the witness' bias. Doc. 23 at 4. As such, this issue does not supplement Petitioner Parks' previous arguments regarding the merits of his habeas petition. Rather, this issue is a new ground for relief that is not properly before the Court because Petitioner Parks failed to include it in his habeas petition. *E.g.*, *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). Moreover, the Court also agrees with the Report's analysis that even if this new ground for relief were properly before the Court it is meritless because Petitioner Parks' trial counsel chose to examine the victim on the issue of coaching, rather than use the inconsistent statements, for tactical reasons. The Court overrules Petitioner Parks' seventh and final objection to the Report.

9

F.  **Petitioner Parks' Motion to Amend His Habeas Petition with Claims from His Delayed Petition for Post-conviction Relief.**

Petitioner Parks premised his motion for stay and abeyance on returning to state court and exhausting claims from his delayed petition for post-conviction relief. As stated above, the Magistrate Judge correctly denied a stay because these claims are not contained in Petitioner Parks' habeas petition, and all of his claims therein are exhausted. Following the denial, Petitioner Parks continued to pursue claims from his delayed petition for post-conviction relief in state court and seek review of these claims by this Court. *See* Doc. 27 at 2; Doc. 29 at 2. On March 16, 2011, Petitioner Parks filed a motion to amend his habeas petition with claims from his delayed petition for post-conviction relief. Doc. 30. at 1. These claims include his first subclaim of ineffective assistance of trial counsel regarding an alleged failure to conduct an adequate pretrial investigation, his second claim that his trial counsel violated his Sixth Amendment rights by advising him to agree to classify himself as a sexual predator, and his third claim that his trial counsel violated numerous ethical and disciplinary rules of conduct. *See* Doc. 30-1.

In this motion, Petitioner Parks asserts that he may amend his habeas petition with these claims from his delayed petition for post-conviction relief because they are now exhausted. *See* Doc. 30 at 1. Petitioner Parks argues that these claims are exhausted because the state trial court dismissed his delayed petition for post-conviction relief as untimely filed, the state appellate court dismissed his appeal from the trial court's decision as untimely, "leaving [him] without a remedy," and the Ohio Supreme Court denied leave to appeal the trial court's decision. Doc. 27 at 2. "If state-court remedies are no longer available because [a] prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted." *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). However, despite exhaustion of these

10

claims, Petitioner Parks cannot amend his habeas petition to include these claims as provided by Fed. R. Civ. P. 15, because they are time-barred under 28 U.S.C. § 2244(d), and procedurally defaulted. *Wooford*, 548 U.S. at 93.

### 1. The Claims from Petitioner Parks' Delayed Petition for Post-conviction Relief that He Seeks to Amend His Habeas Petition with are Time-barred.

Petitioner Parks' conviction became final upon the expiration of his direct review in the Ohio Supreme Court on October 4, 2006. However, Petitioner Parks filed an application to reopen his direct appeal, thereby tolling the one-year statute of limitations under the AEDPA for seeking federal habeas relief until the Ohio Supreme Court dismissed his appeal on October 24, 2007. 28 U.S.C. § 2244(d)(2); *Bronaugh v. Ohio*, 235 F.3d 280, 285 n.7 (6th Cir. 2000). As such, the statute of limitations expired one-year later on October 28, 2008. Petitioner Parks delayed petition for post-conviction relief did not toll the statute of limitations because the state trial court dismissed it as untimely filed. Doc. 31-1 at 2, 4; *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Thus, on March 16, 2011, when Petitioner Parks filed his motion to amend his habeas petition with claims from his delayed petition for post-conviction relief, the statute of limitations had been expired for over two years.

If the claims from Petitioner Parks' delayed petition for post-conviction relief with which he wishes to amend his habeas petition related back to the grounds for relief in his habeas petition, the statute of limitations would not be an issue. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). However, the facts supporting these claims "differ in both time and type from those the original pleading set forth." *Id.* In Petitioner Parks' habeas petition, there are no facts regarding the pretrial investigation his trial counsel conducted, and the five ineffective assistance of trial counsel subclaims concern actions his trial counsel took *during* trial, after any such investigation.

11

Likewise, there are no facts regarding his classification as a sexual predator. Petitioner Parks' third claim includes allegations that his trial counsel: (1) made misrepresentations to the trial court during sentencing; (2) failed to conduct an adequate pre-trial investigation; (3) failed to show up at several pre-trial hearings; (4) improperly auctioned off his property; and (5) coerced him to plead guilty in another case. There are also no facts in Petition Parks' habeas petition supporting these allegations. As such, these three claims do not relate back to the three grounds for relief in Petitioner Parks' original habeas pleading.

> **2. The Claims from Petitioner Parks' Delayed Petition for Post-conviction Relief that He Seeks to Amend His Habeas Petition with are Procedurally Defaulted.**

Even if the three claims with which Petitioner Parks seeks to amend his habeas petition are not time-barred, they are procedurally defaulted, as Respondent Bobby argues in his opposition to Petitioner Parks' motion to supplement his habeas petition. Doc. 31 at 3-4. When the State argues that a claim is procedurally defaulted, the district court must determine if three prerequisites are satisfied: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the state court actually invoked the procedural rule; and (3) the state procedural rule is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. *Maupin v. Smith*, 785 F.2d 135, 138-39 (6th Cir. 1986). The first and second *Maupin* prerequisites are satisfied because the state trial court dismissed Petitioner Parks' delayed petition for post-conviction relief for failure to comply with the applicable filing requirements of Section 2953.239(A) of the Ohio Revised Code, which included a failure to timely file such a petition. *See* Doc. 31-1 at 1-2. The third *Maupin* prerequisite is satisfied because the Sixth Circuit has repeatedly held that Ohio's statutory requirements for bringing a post-conviction petition are

12

adequate and independent state procedural rules. *Davie v. Mitchell*, 547 F.3d 297, 311 (6th Cir. 2008); *Bird v. Hurst*, 110 F. App'x 474, 477-78 (6th Cir. 2004); *Monzo v. Edwards*, 281 F.3d 568, 576-77 (6th Cir. 2002).

The Court cannot excuse the procedural default of these claims because Petitioner Parks fails to make any showing of cause and prejudice for the default. *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) ("habeas petitioners . . . must present affirmative evidence or argument as to the precise cause and prejudice [for a procedural default]"). Moreover, Petitioner Parks admits in his delayed petition for post-conviction relief that he "knew most of the facts [related to his petition] before May 12, 2005," Doc. 14-34 at 10, and that he received his case file during July 2007, Doc. 14-35 at 40, yet he waited to file his delayed petition for post-conviction relief until April 1, 2008.

Petitioner Parks includes in his motion to amend his habeas petition a portion from his delayed petition for post-conviction relief in which he attempts to establish a claim of actual innocence. *Compare* Doc. 30-1 at 3, *with* Doc. 14-34 at 15. A credible claim of actual innocence fits within the narrow class of cases that permit review by a district court in order to prevent a fundamental miscarriage of justice, despite the claims being time-barred or procedurally defaulted. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). However, a credible claim of actual innocence requires Petitioner Parks to provide the Court with "new reliable evidence . . . that was not presented at trial," which establishes that it is "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). As stated above, most of the exhibits attached to Petitioner Parks' delayed petition for post-conviction relief are not new evidence, as they include portions of the trial transcript and evidence introduced at trial. *See*

Doc. 14-34 at 21-26. Moreover, his claim of actual innocence attacks the credibility of the state's witnesses rather than asserting his actual innocence. *See* Doc. 30-1 at 3. Accordingly, the Court concludes that Petitioner Parks' claim of actual innocence fails to meet the standard set forth in *Schlup*.

For the reasons stated above, the Court denies Petitioner Parks' motion to amend his habeas petition.

### IV.   CONCLUSION

For the foregoing reasons, the Court finds no merit in the objections raised by Petitioner Parks. As such, the Court OVERRULES Petitioner Parks' objections, Doc. 26, ADOPTS the Magistrate Judge's Report and Recommendation, Doc. 24, and DISMISSES Petitioner Parks' petition for a writ of habeas corpus, Doc. 1. Furthermore, the Court DENIES Petitioner Parks' motion to amend his habeas petition. Doc. 30.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

August 9, 2011                              */s/ John R. Adams*_____
                                            Judge John R. Adams
                                            UNITED STATES DISTRICT COURT

14